UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**Jeremy S. Higginbotham**<br>**Melinda M. Higginbotham**<br><br>Debtor(s). | Case No.: 15-52803<br><br>Chapter 13<br><br>Judge Alan M. Koschik<br><br>\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*<br>**MOTION OF DEUTSCHE BANK**<br>**NATIONAL TRUST COMPANY, AS**<br>**TRUSTEE FOR FIRST FRANKLIN**<br>**MORTGAGE LOAN TRUST 2006-FF11,**<br>**MORTGAGE PASS-THROUGH**<br>**CERTIFICATES, SERIES 2006-FF11 FOR**<br>**RELIEF FROM STAY (FIRST**<br>**MORTGAGE)**<br><br>**544 Maringo Ave, Akron, OH 44314** |

Deutsche Bank National Trust Company, as trustee for First Franklin Mortgage Loan Trust 2006-FF11, Mortgage Pass-Through Certificates, Series 2006-FF11 (the "**Creditor**") moves this Court, under Bankruptcy Code §§ 361, 362, 363 and other sections of Title 11 of the United States Code, and under Federal Rule of Bankruptcy Procedure 4001, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362.

**MEMORANDUM IN SUPPORT**

1.  The Court has jurisdiction over this matter under 28 U.S.C §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.  On May 4, 2006, Jeremy S. Higginbotham obtained a loan from First Franklin a Division of Nat. City Bank of IN in the amount of $68,720.00. Such loan was

evidenced by a Promissory Note dated May 4, 2006 (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, Jeremy S. Higginbotham executed a Security Instrument in favor of First Franklin a Division of Nat. City Bank of IN dated May 4, 2006 (the "Security Instrument"). The Security Instrument granted a lien on the real property located at 544 Maringo Ave, Akron, OH 44314 owned by the Debtor (the "Collateral"). The Collateral is more fully described in the Security Instrument (check one):

☒ attached as Exhibit B;

OR

☐ contained in the Note, attached as Exhibit A.

4. **The loan was modified as set forth in the Loan Modification Agreement attached as Exhibit C.**

5. The lien created by the Security Instrument was duly perfected by:

☒ Filing of the Security Instrument in the office of the Summit County Recorder on May 11, 2006.

☐ Filing of the UCC-1 Financing Statement in the office of _____ _____on <DATE>.

☐ Notation of the lien on the Certificate of Title.

☐ Other (state with particularity) _____

A copy of the recorded Security Instrument, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on Debtor's Schedule D, the lien is the first lien on the Collateral.

6. The entity in possession of the original Note as of the date of this motion is **Creditor**.

7. The entity servicing the loan is Wells Fargo Bank, NA d/b/a America's Servicing Company.

8. The Note was transferred, as evidenced by the following:

a. If the Collateral is real estate:

  i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

  ☒ N/A.

  OR

  ☐ By endorsement on the Note, payable to _____.

  OR

  ☐ By blank endorsement on the Note.

  OR

  ☐ By allonge attached to the Note, payable to _____.

  OR

  ☐ By blank allonge, attached to the Note.

  OR

  ☐ The Note is not endorsed to the **Creditor**, or is not endorsed in blank with an allegation that the **Creditor** is in possession of the original Note. The factual and legal basis upon which the **Creditor** is entitled to bring this motion is (explain with particularity and attach supporting documentation): _____.

  OR

  ☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <__>. Explain why it provides **Creditor** the authority to endorse the Note: _____

  ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located from the:

  **(1) First Franklin, a division of National City Bank of Indiana to First Franklin Financial Corporation as evidenced by the endorsement attached to this Motion as Exhibit A.**

    **(2) First Franklin Financial Corp. to _____ as evidenced by the endorsement attached to this Motion as Exhibit A. Because the endorsement is in blank and Creditor is in possession of the original Note, Creditor is entitled to enforce the instrument.**

  iii. A court has already determined that **Creditor** has the ability to enforce the Note and Security Instrument with a judgment dated &lt;INSERT DATE OF JUDGMENT&gt; in the &lt;INSERT NAME OF COURT&gt;. A copy of the judgment is attached as Exhibit &lt;\_\_&gt;.

  iv. Other: _____ [explain].

 b. If the Collateral is not real estate (check one):

  ☒ N/A.

  OR

  ☐ From the original lender to &lt;FIRST TRANSFEREE&gt; by &lt;STATE METHOD OR DOCUMENT EFFECTING TRANSFER&gt;.[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE CREDITOR.]

9. The Security Instrument was transferred as follows (check one):

  ☐ N/A.

  OR

  ☒ From Mortgage Electronic Registration Systems, Inc., as nominee for First Franklin a division of National City Bank of Indiana on May 1, 2012 to Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF11, Mortgage Pass-Through Certificates, Series 2006-FF11. The transfer is evidenced by the document attached to this Motion as Exhibit D.

10. **Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.**

11. The value of the Collateral is $80,000.00. This valuation is based on Debtor's Schedule A.

404-OH Northern-V1    15-036046_SLT

15-52803-amk  Doc 41  FILED 06/29/16  ENTERED 06/29/16 15:06:21  Page 4 of 7

12. As of **June 14, 2016**, there is currently due and owing on the Note the outstanding principal balance of $75,103.77, plus interest accruing thereon at the rate of 4.000% per annum ($8.23 per day) from March 1, 2015, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

13. The amount due and owing on the Note as set forth in paragraph 12 does not include a credit for the sum held in a suspense account by the **Creditor**. The amount of the credit is $5.84.

14. Other parties **believed** to have an interest in the Collateral besides the debtor(s), the **Creditor**, and the trustee are (check all that apply):

    - ☐ N/A.
    - ☒ The Summit County Treasurer, for real estate taxes, **in an unknown amount.**
    - ☐ <CO-OWNERS, IF APPLICABLE, STATE NAME>.
    - ☒ **Specialized Loan Servicing is believed to be the holder of a 2nd Mortgage in the approximate amount of $19,300.00 as set forth in Debtor's Schedule D.**

15. The **Creditor** is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

    - ☒ Debtor has failed to provide adequate protection for the lien held by the **Creditor** for **the reasons stated in the boxes checked below**.
    - ☐ Debtor has failed to keep the Collateral insured as required by the Security Instrument.
    - ☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.
    - ☒ **Debtor has failed to make periodic payments to Creditor since the commencement of this bankruptcy case and is due for the months of April 2016 through June 2016, which unpaid payments are in the aggregate amount of $2,059.60 through June 14, 2016. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.**

404-OH Northern-V1    15-036046_SLT

15-52803-amk    Doc 41    FILED 06/29/16    ENTERED 06/29/16 15:06:21    Page 5 of 7

☐ Debtor is delinquent in funding the plan, and therefore the trustee has failed to make periodic payments to **Creditor** since the commencement of this bankruptcy case for the months of <STATE EACH MONTH AND YEAR>, which unpaid payments are in the aggregate amount of <AMOUNT> through <DATE>. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

☒ Debtor has no equity in the Collateral, because the Collateral is valued at $80,000.00, and including the **Creditor**'s lien, there are liens in an aggregate amount of $105,017.18 on the Collateral.

☐ Debtor's plan provides for surrender of the Collateral.

☐ The property is not necessary to an effective reorganization because _____.

☐ Other cause (set forth with specificity): _____.

16. **Creditor** has completed the worksheet attached as Exhibit E.

WHEREFORE, **Creditor** prays for an Order from the Court granting **Creditor** relief from the automatic stay of Bankruptcy Code. § 362 to permit **Creditor** to proceed under applicable nonbankruptcy law.

Respectfully submitted,

/s/ Daniel C. Wolters
Daniel C. Wolters (0076521)
Edward H. Cahill (0088985)
Adam B. Hall (0088234)
John R. Cummins (0036811)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is
Daniel C. Wolters.
Contact email is
dcwolters@manleydeas.com

## CERTIFICATE OF SERVICE

This is to certify that on June  29 , 2016, a true and accurate copy of the foregoing Motion for Relief from Stay on First Mortgage for Real Property Located at 544 Maringo Ave, Akron, OH 44314 was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Office of U.S. Trustee, Northern District of Ohio, Party of Interest, (Registered address)@usdoj.gov

- Keith Rucinski, Chapter 13 Trustee, efilings@ch13akron.com

- Warner Mendenhall, Attorney for Jeremy S. Higginbotham and Melinda M. Higginbotham, warnermendenhall@gmail.com

and on the below listed parties by regular U.S. mail, postage prepaid:

- Jeremy S. Higginbotham and Melinda M. Higginbotham, 544 Maringo Ave, Akron, OH 44314

- Summit County Fiscal Officer, 175 South Main Street, Akron, OH  44308

- Specialized Loan Servicing, POB 636005, Littleton, CO  80163

/s/ Daniel C. Wolters